**\*\* E-Filed February 2, 2010 \*\***

1  LAWRENCE K. ROCKWELL, #72410
   JOHN C. KIRKE, #175055
2  DONAHUE GALLAGHER WOODS LLP
   Attorneys at Law
3  300 Lakeside Drive, Suite 1900
   Oakland, California  94612-3570
4  P.O. Box 12979
   Oakland, California  94604-2979
5  Telephone:    (510) 451-0544
   Facsimile:    (510) 832-1486
6
   Attorneys for Defendants
7  UNISYS CORP., DELL, DELL U.S.A.,
   DELL COMPUTER CORP. and DELL
8  MARKETING L.P.

9

10                    UNITED STATES DISTRICT COURT

11                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                             SAN JOSE DIVISION

13

14  EAGLE EMBLEMS, INC., J & S            CASE NO.  C04 03175 RMW ~~ARB~~ **HRL**
    SURPLUS,
15                                        STIPULATED PROTECTIVE ORDER
              Plaintiffs,                 **AS AMENDED BY THE COURT**
16                                        Complaint Filed:   June 25, 2004
        v.                                Trial Date:   None set
17
    DELL, DELL U.S.A., DELL COMPUTER
18  CORP., DELL MARKETING CORP.,
    UNISYS CORP. and DOES 1 TO 20,
19
              Defendants.
20

---

STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by and among the parties hereto, through their respective attorneys of record as follows:

1. All documents, materials, items and/or information which contain certain confidential commercial, financial, or business information produced by either a party or a non-party to or for any of the parties in this action shall be governed by this Stipulated Protective Order ("Protective Order"). This Protective Order shall apply to all manner and means of formal and informal discovery, inspection demands, interrogatories, depositions, requests for admissions, and examinations under oath. **However, the parties acknowledge that this Order does not confer blanket protections on all disclosures or discovery responses and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principals to treatment as confidential.**

2. Documents or other information provided by any party or non-party as part of discovery in this action may be designated by such party or non-party as "CONFIDENTIAL." Information designated as "CONFIDENTIAL," shall be information which a party reasonably believes (i) if disclosed to competitors would give those competitors a competitive advantage or deprive a party of its competitive advantage; or (ii) constitutes proprietary trade secret information; or (iii) constitutes confidential financial information such as tax returns, financial projections, or non-public financial reporting or results.

3. Any party or non-party wishing to come within the provisions of this Protective Order shall designate in writing the documents, information or portion thereof which it considers "CONFIDENTIAL." In the instance of documents, the items can be designated by a mark of "CONFIDENTIAL" on the document. The producing party shall make such designations of confidentiality at the time of production; any other party has ten (10) business days after production to such party to designate documents not produced by themselves. If counsel to a non-producing party wishes to show any "CONFIDENTIAL" documents so produced to anyone before the ten (10) business days have passed, the written consent of all other counsel must be received, unless the person is enumerated in paragraph 6 herein and has satisfied the conditions therein.

4. (a) In the instance of deposition testimony and examinations, the provisions of this Protective Order may be invoked by the examinee, deponent or examinee or counsel for any party or non-party by giving notice to counsel for the other parties. The witness under deposition

or examination or counsel shall also have the right within ten (10) days of receiving a transcript of the deposition or examination to designate or change the level of designation of the transcript or portions thereof. During the ten (10) day period, counsel and the deponent or examinee or examinee shall treat the entire transcript as if it had been designated "CONFIDENTIAL." All designations or changes in designation to the deposition transcript shall be telecopied or delivered to all other parties on or before the tenth day of receipt of the transcript identifying the deponent, page and line numbers of the portion sought to be designated "CONFIDENTIAL." The court reporter shall be instructed to redact those portions from the transcript, endorse them as "CONFIDENTIAL," and separately bind them for each deponent or examinee and those portions shall continue to be treated as "CONFIDENTIAL," hereunder.

(b) If a deponent or examinee refuses to agree to the non-disclosure provisions of this Protective Order, the deponent or examinee shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits containing "CONFIDENTIAL" information shall be given to the deponent.

(c) If at a deposition or examination, material or confidential information, or any work product including such material or information previously designated "CONFIDENTIAL" or which is designated "CONFIDENTIAL" at the deposition is to be presented to the deponent or examinee for review, identification, testimony or otherwise or is otherwise to be discussed, testified to, presented, distributed or reviewed in the deposition room, any person who is not permitted access to "CONFIDENTIAL" pursuant to paragraph 6 of this Protective Order, other than the deponent or examinee where he refuses to sign this agreement as provided in paragraph 6 of this Protective Order, shall be required to leave the deposition room while such "CONFIDENTIAL" information is presented, disclosed, discussed, testified to, reviewed or otherwise visible or accessible, and each party hereto and all counsel shall cooperate in excluding such persons from the deposition room, including requesting any person present at their request or on their behalf or with their permissions, or that of the party whom they represent, to leave, and the deposition shall not proceed until all such persons have left.

(d) Under no circumstances, however, shall deposition testimony that was given prior

to the date of this Protective Order be marked "CONFIDENTIAL."

5. Information designated as "CONFIDENTIAL" shall be used only in connection with this litigation and not for any business, competitive, or other purpose. Further, such information may not be disclosed to anyone except as provided in this Protective Order. Copies of designated documents shall be made only to the extent necessary to enable counsel to prepare this action for trial, including, but not limited to use in depositions or for filing motions, or for post-trial proceedings or appeals, subject to the terms of this Protective Order.

6. **Unless otherwise ordered by the court, d**ocuments, deposition testimony, or other information designated as "CONFIDENTIAL" as well as any copies or excerpts therefrom, may be made available only to:

(a) Attorneys of record for the parties, their associates, of counsel, co-counsel, legal assistants, clerks, and clerical personnel;

(b) Judges, law clerks, jurors during trial of this action and subject to the court's ruling such evidence admissible, and other clerical personnel of the Court before which this action is pending;

(c) The author(s) of the designated material or anyone shown to have been a recipient of the material prior to its disclosure in this action;

(d) The officers and designated agents of each party on a need to know basis in connection with the handling of this action;

(e) Court reporters and their clerical personnel performing transcription of depositions taken in this action;

(f) Trial witnesses while preparing for giving testimony;

(g) Trial witnesses while giving testimony;

(h) Deposition witnesses while preparing for giving testimony;

(i) Deposition witnesses while giving testimony; and

(j) Independent experts or consultants.

PROVIDED, however, that all such persons enumerated in paragraph 6(d)-(f) and paragraph 6(h)-(j) have first read a copy of this Protective Order and signed a statement in the form attached hereto as Exhibit A.

7.  (a)  If any party desires to file with the Court material designated "CONFIDENTIAL," such party shall first meet and confer with the party that designated the "CONFIDENTIAL" document to determine if the filing can be avoided. If there is no agreement after ten (10) business days of the first attempt by a party to meet and confer, the ~~document~~ **party** may **seek leave from the Court to file under seal designated material pursuant to Local Rule 79-5** ~~be filed~~ with the designation as herein provided. With respect to claimed work product, the meet and confer obligation requires counsel to reveal the same information, including the general nature or subject matter of the claimed privileged material, without revealing its specific content, as is required in a privilege log. ~~If~~ **When seeking leave to file under seal** any designated material ~~is filed~~ with the Court, it shall be ~~filed~~ **submitted** in a sealed envelope or other sealed container marked on the outside with the title of this action and a statement substantially in the following form:

"CONFIDENTIAL"

This document is subject to a PROTECTIVE ORDER and may not be examined or copied except in compliance with that order.

Counsel ~~filing~~ **submitting** any "CONFIDENTIAL" documents **when seeking leave to file under seal** shall be responsible for advising the clerk of the court that the documents are subject to this Protective Order and must be kept under seal~~,~~ **if the court so orders.**

(b)  Only those documents, pages, or, if reasonably practicable, those portions of documents or pages, which contain the information requiring confidentiality shall be ~~filed~~ **submitted for leave to file** under seal. For each document or page, or portion thereof, filed under seal there shall be included in the public file a document bearing a legend in substantially the following form: "By order dated _____(fill in), the complete (identify document), pages or portions thereof, has been filed under seal, and may not be examined without further order of the court."

8.  Individuals and entities permitted access to "CONFIDENTIAL" documents or parts thereof pursuant to this Protective Order are hereby ordered not to show, convey or reproduce such documents, or any parts thereof, or any copies thereof, or any matters contained therein, or any extracts thereof, to any individual or to any entity who would not otherwise have access to "CONFIDENTIAL" documents under the provisions of this Protective Order.

9.  If any party gives written notice that previously produced privileged or protected

material was inadvertently produced or produced without an intended confidentiality designation, the parties with access to it shall meet and confer **in good faith, voice-to-voice dialogue** in response to the producing party's request for remedial action. If they are unable to agree, the burden is on the party who inadvertently produced the material to seek appropriate relief from the Court, as appropriate, within ten (10) days after it is apparent that there is no agreement. During the meet and confer period and for the ten (10) days following, the material shall be protected as if it had not been disclosed or given the correct designation.

10. The restrictions of this Protective Order do not apply to counsel's own information or information properly, lawfully, and in good faith obtained by said counsel independently of the marked material and independently of the discovery proceedings.

11. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not operate as an admission by any party that a particular document or material sought to be designated as "CONFIDENTIAL" by another party contains or reflects trade secrets, proprietary or other commercial information, or other confidential matter.

12. If counsel for any party believes that counsel for any other party or non-party is unreasonably or improperly designating certain material as "CONFIDENTIAL" or believes that it is necessary to disclose designated information to persons other than those permitted by this Protective Order, the objecting counsel shall first meet and confer **in good faith, voice-to-voice dialogue** with counsel for the designating party to try informally to resolve the dispute.

   (a) In the event that any party seeks to strike the "CONFIDENTIAL" designation of a document and the objecting party and designating party cannot reach agreement within ten (10) business days of the first attempt by either party to meet and confer, counsel for the objecting party may bring a motion before the Judge for an order striking the "CONFIDENTIAL" designation, or otherwise relieving that counsel of the restrictions imposed by this Protective Order. **The burden of persuasion in any such challenge shall be on the designating party.** In that event, the information in question shall remain subject to the protection of this Protective Order unless and until the Judge rules otherwise and any applicable time for the taking of an appeal or writ on said ruling has expired.

13. This Protective Order will be without prejudice to the right of any party or non-

-5-

party to oppose production of any information on the ground of attorney-client privilege, work product immunity or any other protection afforded by law.

14. Originals and copies of all "CONFIDENTIAL" materials shall either be returned to counsel for the producing party at the termination of this action, destroyed (with certification of such destruction) or retained solely by litigation counsel or the Court for record keeping purposes in a manner designed to preserve the security and confidentiality of such information. All counsel to this Protective Order shall certify in writing to counsel for the party or non-party who produced the "CONFIDENTIAL" materials that all such materials, including but not limited to, all copies thereof within his or her or its possession or control and all attorney work product referencing any "CONFIDENTIAL" information, have been returned or destroyed or is being retained for record keeping purposes solely by litigation counsel in a manner designed to preserve the security and confidentiality of such information.

15. If any attorney who has had access to "CONFIDENTIAL" information or materials leaves employment or terminates his or her relationship with the firm or company which is the attorney of record for a party or non-party to this Protective Order, the attorney shall be required to return to the firm or company that he/she is leaving all "CONFIDENTIAL" information or materials in his/her possession before leaving such employment and such firm or company shall assure that all such materials have been returned and shall notify all counsel to this Protective Order of the terminating attorney's new employer. If such terminating attorney should enter employment or otherwise commence providing services to a competitor of a designating party of "CONFIDENTIAL" information or materials to which the terminating attorney has had access, the terminating attorney and his/her former firm or company shall agree with the designating party to reasonable protections to assure the terminating attorney does not use or disclose "CONFIDENTIAL" information or materials in performing services for the designating party's competitor, and if they cannot agree, then such protection as shall be ordered by the Court at the request or on the motion of the designating party. The provision of this paragraph shall not apply if the departing attorney continues to represent his/her client in this litigation after his/her departure from his/her present law firm or company.

16. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may seek enforcement of this Protective Order through declaratory and injunctive relief and it shall not be a defense thereto that the aggrieved party possesses an adequate remedy at law. Each person subject to this Protective Order stipulates to an injunction consistent with the terms of this Protective Order.

17. In the event of a breach of this Protective Order by any person subject to its terms, the aggrieved party may institute a contempt proceeding, in additional to any other remedy provided by law, for such penalties as the law allows, including upon proper showing, all loss or damage caused by the breach and the prevailing party in any such action shall be entitled to recover its reasonable attorney fees and costs.

18. This Court shall retain jurisdiction over all persons subject to this Protective Order for the purpose of enforcing this Protective Order **for a period of six months after the final termination of this action.**

IT IS SO STIPULATED.

Dated: January 29, 2010        DONAHUE GALLAGHER WOODS LLP

By: /s/ John C. Kirke
John C. Kirke
Attorneys for Defendants
UNISYS CORP., DELL, DELL U.S.A., DELL COMPUTER CORP. and DELL MARKETING L.P.

Dated: January 25, 2010        BECK & MATHIESEN

By: /s/ David R. Beck
David R. Beck
Attorneys for Plaintiffs
EAGLE EMBLEMS, INC., J & S SURPLUS

PURSUANT TO STIPULATION, IT IS SO ORDERED. **AS MODIFIED BY THE COURT.**

Dated: February 2, 2010        _____
United States Magistrate Judge
**HOWARD R. LLOYD**

# EXHIBIT A

## PROTECTIVE ORDER ACKNOWLEDGMENT

I, have read the Stipulated Protective Order dated _____ ___, 2001 in the action entitled Eagle Emblems, Inc. v. Unisys, Inc., et al., United States District Court, Case No. C04 03175 RMW ~~ARB~~ **HRL** and hereby consent to be bound by the terms thereof with respect to all documents, materials, and other information disclosed to me which are subject to that Protective Order. I submit to the exclusive jurisdiction of the United States District Court for the Northern District of California, for enforcement of the undertakings I have made herein. I appoint _____ (counsel) as my agent to receive service of process in connection herewith.